UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NAZILA RAD,<br><br>        Plaintiff,<br><br>v.<br><br>COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORP.,<br><br>        Defendant. | Case No. 20–cv–03497–BRM–ESK<br><br>OPINION AND ORDER |

**KIEL**, U.S.M.J.

    **THIS MATTER** is before the Court on defendant Cognizant Technology Solutions U.S. Corp.'s motion to dismiss (Motion) plaintiff Nazila Rad's amended complaint for improper venue pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(3). (ECF No. 16.) Plaintiff opposes the Motion. (ECF Nos. 21 and 22.) Defendant filed a reply brief in further support of the Motion. (ECF No. 23.) For the following reasons, the Motion is **DENIED**. However, in lieu of dismissal, this matter will be transferred to the United States District Court for the Northern District of Georgia for further proceedings.

## BACKGROUND

    Plaintiff brings two causes of action against her former employer for gender discrimination and retaliation in violation of Title VII. (ECF No. 13 ¶1.) She was hired in December 2014 to lead defendant's sales efforts across various business sectors and evidently developed a "strong record of success."[1] (*Id.* ¶¶2, 9, 10.) Plaintiff alleges she was subjected to a discriminatory and hostile work environment

---

[1] Defendant's moving brief indicates that plaintiff was hired as an "associate director." (ECF No. 16-1 p. 4.) Plaintiff's opposition claims plaintiff worked as an "Associate Director of Sales." (ECF No. 21 p. 4.)

while her male co-workers got preferential treatment.  (*Id.* ¶¶ 11, 12.)  A number of allegations in the amended complaint are directed specifically at plaintiff's supervisor.  (*Id.* ¶¶ 11–14.)  She voiced her complaints to defendant in November 2017 and asked to join another team.  (*Id.* ¶ 13.)  In February 2018, plaintiff was fired "for misuse of her expense account."  (*Id.* ¶ 15.)

## LEGAL ANALYSIS AND DISCUSSION

Defendant seeks dismissal of the amended complaint for improper venue since under 42 U.S.C. § 2000e-5(f)(3): (1) the alleged unlawful employment practice did not occur in New Jersey; (2) defendant maintains records relevant to such alleged practice outside of New Jersey; and (3) plaintiff cannot demonstrate that she would have worked primarily in New Jersey but for her termination.  (ECF No. 16-1 p. 4.)  I agree that this matter is not properly venued in New Jersey.

First, the amended complaint does not allege that any purportedly unlawful employment practice occurred in New Jersey.  (ECF No. 13.)  Plaintiff lived in, and worked at defendant's office in, Atlanta, Georgia.  (ECF No. 16-1 pp. 4–5; *see also* ECF No. 21 p. 1.)  Her supervisor worked at defendant's office in Chicago, Illinois.  (ECF No. 16-1 p. 5.)  The director of employee relations, who made the decision to terminate plaintiff's employment following an investigation of her expense account, worked at defendant's office in Clearwater, Florida.  (*Id.* p. 5.)  While it may be true that plaintiff "frequently attended meetings" in New Jersey (ECF No. 13 ¶ 6), the amended complaint is bereft of any claim that the alleged unlawful practices took place in New Jersey.  Accordingly, plaintiff "cannot establish venue in New Jersey under the first Title VII venue option." *de Rojas v. Trans States Airlines, Inc.*, 204 F.R.D. 265, 268 (D.N.J. 2001).

Second, the employment records relevant to the alleged unlawful employment practice do not appear to be maintained or administered in New Jersey.  Defendant represents that the "relevant" records are "those related to the termination of [p]laintiff's employment for substantiated expense fraud[.]"  (ECF No. 16-1 p. 6.)  However, as cited in defendant's moving brief, (*id.* p. 3), in a Title VII action "the

2

relevant documents for determining venue are those related to the events giving rise to [plaintiff's] claims." *James v. Verizon Servs. Corp.*, 639 F.Supp.2d 9, 13 (D.D.C. 2009). Plaintiff has not made an adequate showing that the servers for the relevant records are maintained or administered in New Jersey. *See Enoh v. Hewlett Packard Enter. Co.*, No. 17-04212, 2018 WL 3377547, at *9 (N.D. Cal. July 11, 2018) ("when employment records are maintained and administered electronically, courts have held that the location of the server establishes the location of the records under section 2000e-5(f)(3)"). The amended complaint claims—"on information and belief"—that relevant records were administered in New Jersey. (ECF No. 13 ¶ 6.) It nevertheless concedes that those records "may exist on servers outside" New Jersey. (*Id.*)

In support of the Motion, defendant relies upon a June 5, 2020, Declaration by Karie Mullins, defendant's compliance officer, stating that the "relevant" records "are and were maintained and administered electronically on servers located in Dublin, Ireland and Amsterdam, Netherlands, and not in New Jersey." (ECF No. 16-3 ¶¶ 1–2.) Since the amended complaint equivocates as to the location of the servers for the relevant employment records, and because the Mullins Declaration remains unrefuted, venue in New Jersey is improper under the second prong of 42 U.S.C. § 2000e-5(f)(3). *See also Bockman v. First Am. Mktg. Corp.*, 459 F.App'x 157, 158 n.1 (3d Cir. 2012) (on a motion to dismiss pursuant to Rule 12(b)(3), courts will accept only the "well pled" allegations in the complaint, "unless contradicted by the defendants' affidavits").

Third, plaintiff has not sufficiently established that she "would have [principally] worked in [New Jersey] but for the unlawful employment practice alleged[.]" 42 U.S.C. § 2000e-5(f)(3). "[T]he use of the article 'the' rather than 'a' strongly suggests that the statutory requirement refers to the aggrieved individual's principal place of work, and not any district in which the individual's work might take [her]." *James v. Booz-Allen & Hamilton, Inc.*, 227 F.Supp.2d 16, 23 (D.D.C. 2002).

Plaintiff resides in Atlanta, Georgia. (ECF No. 13 ¶ 3.) She worked for defendant who is "based in" Atlanta, Georgia. (ECF No. 16-1 p. 8; ECF No. 16-2 ¶ 2.)

3

Plaintiff's July 20, 2020, Declaration states plaintiff "generally spen[t] one to two days of the work week in Atlanta, where I lived[.]" (ECF No. 22 ¶ 3.) But the Declaration also states plaintiff "spent significant time working in New Jersey." (*Id.* ¶ 4.) It further states that, "[h]ad [plaintiff] not been terminated, [plaintiff] would have continued these New Jersey-based activities." (*Id.* ¶ 7.)

Based on the amended complaint's allegations and the parties' submissions, I find that New Jersey was not plaintiff's "principal place of work," but instead was where her work took her. *See Booz-Allen & Hamilton, Inc.*, 227 F.Supp.2d at 23. There is no fair dispute that plaintiff's principal work location was Atlanta, Georgia. Even if plaintiff traveled to and worked in New Jersey for meetings, client development, and the like, plaintiff has not demonstrated that New Jersey would have become her new principal place of work had her employment not been terminated. Thus, New Jersey does not qualify as a proper venue under the third prong of 42 U.S.C. § 2000e-5(f)(3).[2]

The Motion's request for dismissal notwithstanding,[3] in the interests of justice I find that this matter should be transferred to the United States District Court for the Northern District of Georgia. "For the convenience of the parties and witnesses [and] in the interest of justice, a district court may transfer any civil action to any other district … where it might have been brought or to any district … to which all parties have consented." 28 U.S.C. § 1404(a). "The district court of a district in

---

[2] The parties dispute the location of defendant's principal place of business. (*Compare* ECF No. 13 ¶ 4, *with* ECF No. 16-1 pp. 3–4.) However, I do not need to decide whether plaintiff may avail herself of the fourth prong of 42 U.S.C. § 2000e-5(f)(3) (defendant's principal office), since I find that Georgia is a proper venue under either prong one or prong three of the statute. *See Johnson v. Deloitte Servs., LLP*, 939 F.Supp.2d 1, 5 (D.D.C. 2013) ("The statute only authorizes suit in the district where the respondent has its principal office if respondent is not found within any of the districts where venue is proper under the other three prongs.").

[3] *Compare Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 56 (2013) ("A case filed in a district that falls within [Section 1391] may not be dismissed under [Section 1406(a)] or Rule 12(b)(3)"), *with Russell-Brown v. Univ. of Fla. Bd. of Trs.*, No. 09-02479, 2009 WL 4798230, at *1 (D.N.J. Dec. 7, 2009) (holding that "[a]lthough general venue statute, [Section 1391], governs some of the claims in the Complaint, Title VII claims are subject to their own, more restrictive venue provisions" (citing 42 U.S.C. § 2000e-5(f)(3))).

4

which is filed a case laying venue in the wrong … district shall dismiss, or if it be in the interest of justice, transfer such case to any district … in which it could have been brought." 28 U.S.C. § 1406(a).

As explained by the Third Circuit, "Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper [whereas] Section 1406 … applies where the original venue is improper and provides for either transfer or dismissal of the case." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). Section 1406(a)'s "transfer provision is designed to preserve claims that rigid application of dismissal rules may bar." *Lafferty v. St. Riel*, 495 F.3d 72, 79 (3d Cir. 2007) (citation omitted). "Transfer is generally more in the interest of justice than dismissal." *Boily v. Walt Disney World Co.*, No. 08-04967, 2009 WL 1228463, at *8 (D.N.J. May 1, 2009) (citation omitted); *see also Bockman*, 459 F.App'x at 162 n.11 (holding that transfer in lieu of dismissal is generally appropriate to avoid penalizing a plaintiff by time-consuming and justice-defeating technicalities). "A [c]ourt transferring venue under [Section 1406] must simply determine a venue in which the action originally could have been brought that serves the interest of justice." *de Rojas*, 204 F.R.D. at 269. In light of the foregoing authority, I find that the interests of justice warrant transfer of this matter pursuant to 28 U.S.C. § 1406(a), in lieu of dismissal under Rule 12(b)(3).

Based on the parties' positions, arguments, and submissions on the Motion, I find that the United States District Court for the Northern District of Georgia, which serves Atlanta, is the proper venue under either prong one or prong three of 42 U.S.C. § 2000e-5(f)(3). Plaintiff does not dispute that she was allegedly subjected to unlawful employment practices while working in Georgia. Georgia would likely have remained her principal place of employment had she not been terminated. Neither the amended complaint nor plaintiff's July 20, 2020, Declaration sufficiently establish that New Jersey would have supplanted Georgia as plaintiff's "principal place of work." *See Booz-Allen & Hamilton, Inc.*, 227 F.Supp.2d at 23.

Defendant, moreover, acknowledges that this action could have been brought in the Northern District of Georgia. (ECF No. 16-1 p.8.) In addition, plaintiff

requests that this matter be transferred to the Northern District of Georgia "[if] the Court finds that venue [in New Jersey] is not proper." (ECF No. 21 pp. 4, 7.)

## CONCLUSION

Accordingly, and for the reasons stated above,

**IT IS** on this   30th day of **October 2020**   **ORDERED** that:

1.   Defendant's Motion (**ECF No. 16**) is **DENIED** to the extent it seeks dismissal of this matter.

2.   This case shall be **TRANSFERRED** to the United States District Court for the Northern District of Georgia for further proceedings.

3.   The Clerk of the Court will take no action on the transfer of this case for **fourteen days** from the entry of this Opinion and Order, pursuant to Local Civil Rule 72.1(c)(1)(C).

                                            _/s/ Edward S. Kiel_
                                            **EDWARD S. KIEL**
                                            **UNITED STATES MAGISTRATE JUDGE**